DJW/bh

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STACEY W. BRACKENS,**

       **Plaintiff,**

                CIVIL ACTION

v.

                No.   06-2405-JWL-DJW

**CHARLES F. SHIELD, III, M.D.,**

       **Defendant.**

### ORDER

Pending before the Court is Defendant's Motion to Compel (doc. 29). For the reasons discussed below, the Court finds that Defendant has failed to satisfy his duty to confer under Federal Rule of Civil Procedure 37 and D. Kan. Rule 37.2. The Court will therefore deny the motion without prejudice.

Federal Rule of Civil Procedure 37(a) requires that a party moving to compel discovery include in its motion a certification that the movant has in good faith conferred or attempted to confer with the party in an effort to secure the discovery without court action. Similarly, D. Kan. Rule 37.2 provides that "[t]he Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[1]  A "reasonable effort to confer" means more than mailing, telefaxing,

---

[1] D. Kan. Rule 37.2.

or e-mailing a single letter to the opposing party; "[i]t requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[2]

Plaintiff is proceeding in this case pro se. Although D. Kan. Rule 37.2 refers to conferring with "opposing counsel," the Court has on many occasions applied the Rule to pro se parties.

Here, Defendant does not attach a separate certificate of compliance. Defendant does, however, state in the Motion to Compel that his counsel sent a single letter to Plaintiff requesting complete responses to Defendant's discovery requests. He also states that Plaintiff did not respond to the letter. The Motion to Compel contains no information which would indicate that there has been any telephone or other conferences between defense counsel and Plaintiff in an attempt to resolve these matters or that it would have been futile to attempt such conferences.

In light of the above, the Court finds that Defendant has failed to satisfy the duty to confer under Federal Rule of Civil Procedure 37(a) and D. Kan. Rule 37.2. The Court will therefore deny Defendant's Motion to Compel. Said denial shall be *without prejudice* to Defendant refiling the motion after complying with the above-cited Rules. Defense counsel shall confer with Plaintiff, or make a reasonable effort to do so, within **fourteen days** of this Order, and any renewed motion to compel shall be filed within **twenty-one days** of this Order.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (doc. 29) is denied *without prejudice* to Defendant refiling the motion after Defendant has satisfied his duty to confer under Federal Rule of Civil Procedure 37(a) and D. Kan. Rule 37.2.

---

[2] *Id. Accord Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County* and Kan. City, Kan., 192 F.R.D. 698, 700 (D. Kan. 2000).

**IT IS FURTHER ORDERED** that counsel for Defendant shall, within **fourteen days** of this Order, confer with pro se Plaintiff regarding the issues raised in Defendant's Motion to Compel, and any renewed motion to compel shall be filed within **twenty-one days** of this order.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 22nd day of June 2007.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties