DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**STACEY W. BRACKENS,**

                **Plaintiff,**

                                        **CIVIL ACTION**

v.

                                        **No.   06-2405-JWL-DJW**

**CHARLES F. SHIELD, III, M.D.,**

                **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Renewed Motion to Compel (doc. 31). Pursuant to D. Kan. Rule 6.1(d)(1), Plaintiff's response to the motion was due July 10, 2007. To date, Plaintiff has filed no response to the motion.

Pursuant to D. Kan. Rule 6.1(d), Plaintiff's failure to file a response within the time specified by the Rule constituted a waiver of the right thereafter to file such a response.[1] Moreover, D. Kan. Rule 7.4 provides that where a party fails to file a response within the time required by Rule 6.1(d), "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[2]

In light of the above, the Court will grant Defendant's Renewed Motion to Compel as unopposed. No later than **August 10, 2007** Plaintiff shall serve amended answers to Defendant's First Set of Interrogatories. Because Plaintiff has failed to serve any timely objections to

---

[1] D. Kan. Rule 6.1(d).

[2] D. Kan. Rule 7.4.

Defendant's Interrogatories, all objections are deemed waived.[3]  Accordingly, no objections to the Interrogatories shall be asserted.  In addition, Plaintiff's answers shall be full and complete.  When asked to identify certain individuals, Plaintiff shall identify the individuals and not incorporate by reference the Complaint or indicate that the individuals are "named in suit" or "named in complaint."

The Court will now proceed to address the issue of sanctions.  Federal Rule of Civil Procedure 37(a)(4) governs the imposition of sanctions in connection with motions to compel.  It provides that when a motion to compel is granted, "the court *shall,* after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion including attorney's fees, unless the court finds that . . . the opposing party's . . . response or objection was substantially justified, or that other circumstances make an award of expenses unjust."[4]

The Court may impose sanctions under Rule (37)(a)(4) only after the Court has afforded the parties the "opportunity to be heard."[5]  A hearing, however, is not necessary, and the Court may consider the issue of sanctions "on written submissions."[6]  The "written submission" requirement

---

[3]It is well settled that in the absence of good cause to excuse a failure to timely object to interrogatories or requests for production of documents, all objections not timely asserted are waived. *See, e.g., Bradley v. Val-Mejias,* No. 00-2395-GTV, 2002 WL 1249339, at *4 (D. Kan. Oct. 9, 2001); *Starlight Int'l Inc. v. Herlihy*, 181 F.R.D. 494, 496 (D. Kan. 1998) (quoting Fed.R.Civ.P. 33(b)(4) ("untimely objections are 'waived unless the party's failure to object is excused by the court for good cause shown.'").

[4]Fed.R.Civ.P. 37(a)(4)(A) (emphasis added).

[5]*McCoo v. Denny's, Inc*., 192 F.R.D. 675, 697 (D. Kan. 2000) (citing Fed.R.Civ.P. 37(a)(4)).

[6]*Id*. (citing Advisory Committee Notes to the 1993 Amendments to Rule 37(a)(4)).

is met if the moving party requests sanctions in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response.[7]

Here, Defendant has not made a request for an award of attorney fees or expenses. Defendant merely asks for "such other relief the Court may deem just and equitable in the premises."[8] The Court does not find this to be a request for sanctions as contemplated by Rule 37(a)(4). The Court therefore holds that Plaintiff has not been given sufficient "opportunity to be heard" regarding the issue of sanctions, and, thus, the Court will decline to impose sanctions at this time.

To satisfy the "written submissions" rule, the Court will order Plaintiff to show cause, in a pleading filed with the Court on or before **August 17, 2007,** why he should not be required to pay the reasonable attorney fees and expenses that Defendant incurred in making the Motion to Compel. Defendant shall have **eleven (11) days** thereafter to file a response thereto, if he so chooses. In the event the Court determines that sanctions should be imposed, the Court will issue an order setting forth a schedule for the filing of an affidavit reflecting the amount of fees and expenses that Defendant has incurred, and for the filing of any related briefs.

**IT IS THEREFORE ORDERED** that Defendant's Renewed Motion to Compel (doc. 31) is granted, and Plaintiff shall serve his amended answers to Defendant's First Set of Interrogatories no later than **August 10, 2007**.

---

[7]*Fears v. Wal-Mart Stores, Inc.*, No. 99-2525-JWL, 2000 WL 1679418, at *6 (D. Kan. Oct. 13,, 2000).

[8]Def.'s Mot. to Compel, doc. 31, at p. 4.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause, in a pleading filed with the Court on or before **August 17, 2007,** why he should not be required to pay the reasonable expenses and fees that Defendant has incurred in making its Motion to Compel.  Defendant shall have **eleven (11) days** thereafter to file a response thereto, if he so chooses.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 20th day of July 2007.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties