## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**STACEY W. BRACKENS,**

**Plaintiff,**

**v.**                                        **Case No. 06-2405-JWL-DJW**

**CHARLES F. SHIELD, III, M.D.,**

**Defendant.**

## <u>ORDER</u>

On July 6, 2007, two separate Orders to Show Cause (docs. 32 and 34) were issued to the plaintiff.  In the Order to Show Cause (doc. 32) issued by Magistrate Waxse, the plaintiff was ordered to show cause by July 16, 2007, why this case should not be dismissed with prejudice due to his failure to comply with D. Kan. Rule 16.2(a) and failure to cooperate in the preparation of the parties' joint proposed pretrial order.   In the Order to Show Cause (doc. 34) issued by the undersigned, the plaintiff was ordered to show cause by July 16, 2007 why he has failed to respond to defendant's motion for summary judgment.

The docket sheet reflects that both of the Orders to Show Cause were mailed to the defendant by certified mail.  Certified mail return receipts were filed with the court reflecting that plaintiff signed for and  received copies of both of the Orders to Show Cause on July 9, 2007.  The time for filing a response to both of the Orders to Show Cause has passed and, to date, no response has been received from the plaintiff.  Pursuant to Rule 7.4 "[i]f a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and

decided as an uncontested motion, and ordinarily will be granted without further notice."

The court concludes that defendant's motion for summary judgment should be granted as unopposed and, additionally, that dismissal of plaintiff's complaint is appropriate based on plaintiff's failure to comply with Rule 16.2. In so holding, the court specifically concludes that certain aggravating factors present in this case outweigh the judicial system's strong predisposition to resolve cases on their merits. *See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (prior to outright dismissal for failure to comply with local court rules, court must consider the degree of actual prejudice to the defendant; the amount of interference with the judicial process; and the culpability of the litigant).

Specifically, the court notes that plaintiff, as of the date of this order, has still not responded to defendant's motion for summary judgment nor has he contacted the court in any way regarding the motion or the preparation of the pretrial order. Plaintiff's failure to respond to the motion in any way and his failure to contact the court in any way demonstrates that his culpability is quite high. Moreover, plaintiff continues to ignore this case as indicated by Magistrate Judge Waxse's issuance today of yet another Order to Show Cause in light of plaintiff's failure to respond to defendant's motion to compel discovery responses. *Compare id.* (reversing district court's dismissal on uncontested motion where plaintiff mailed his response more than three days prior to the deadline, demonstrating "little or no culpability on his part in causing the delay") *and Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988) (plaintiff herself was not guilty of any dereliction where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks but, once

discovered, responded promptly).  Moreover, in such circumstances, denying defendant's motion would prejudice defendant in terms of continued time spent and expenses incurred on a case in which the plaintiff has shown no interest even after ample notice from the court.  Similarly, denying defendant's motion would interfere with the judicial process in terms of docket management and the need for a finality to litigation.  In other words, the court should not have to continue to manage this case on its docket when plaintiff himself has taken no initiative to keep the case on the court's docket.  *Compare Murray*, 132 F.3d at 611 (reversing district court's dismissal on uncontested motion where plaintiff's response to motion was received one day after the fifteen-day deadline and no prejudice to defendants could have resulted from this delay, nor could it have caused interference with the judicial process) *and Hancock*, 857 F.2d at 1396 (where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks but, once discovered, responded promptly, defendant would not have been prejudiced in any legal or equitable sense by court's consideration of response and any inconvenience to the court was not so severe a burden as to justify dismissal).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for summary judgment (doc. 27) is granted as unopposed and this case is dismissed in its entirety.

Dated this 20th   day of July, 2007, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3